ALICIA HUTCHINSON VDA. DE PEDREIRA, demandante y recurrente, *v.* LUIS ALFREDO GONZÁLEZ CAPILLA ET AL., demandados y recurridos.

*Número:* R-62-132          *Resuelto:* 23 de octubre de 1963

*Julio Suárez Garriga,* abogado de la recurrente; *Rivera Zayas, Rivera Cestero & Rúa,* y *C. A. Romero,* abogados de los recurridos.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: En el pleito Núm. 60-6718 de la Sala de San Juan del Tribunal Superior, sobre daños y perjuicios, motivado por un accidente de automóviles, instado por Alicia Hutchinson vda. de Pedreira contra Luis A. González, Virgilio Vilomar Pacheco, Martorani Motors, Inc. y Commercial Insurance Co., se dictó sentencia concediendo a la demandante $12,000.00 por los "sufrimientos físicos y mentales, la limitación en su capacidad para trabajar y pérdidas en sus ingresos como maestra de piano." Por gastos médicos y de hospital le concedieron $1,495.25 que en el recurso R-62-134, traído por los demandados, fueron rebajados a $1,345.75, por sentencia de esta misma fecha.

La demandante recurrió de la sentencia respecto a esa

cuantía de daños y ante nos sostiene que el tribunal de instancia cometió error en la determinación y computación de los distintos elementos de daños y al fijarlos en una suma muy pequeña y que se debe modificar a los efectos de señalarlos en alguna cantidad comprendida entre $110,800 y 121,968.00.

Aparentemente los demandados recurridos, en este recurso descansan en los fundamentos de oposición que expusieron al oponerse a la expedición del auto y que, en parte, son los siguientes:

"La parte recurrente no alega que se haya cometido abuso de discreción alguno y su recurso aparece estar basado únicamente en las manifestaciones del propio Juez Sentenciador al resolver la moción de la demandada sobre Conclusiones de Hechos Adicionales, en la que dice el propio Juez Sentenciador que ha sido altamente conservador. El hecho de que un juez estime que ha sido altamente conservador o liberal no es razón ni motivo alguno para imputar error en la concesión de daños. Las cuantías concedidas no son solamente suficiente sino que son excesivas y el recurso es obviamente frívolo y carece de méritos.

"En relación con el error sobre la partida concedida por lucro cesante por pérdida de su habilidad para dar clases de piano, sostenemos que esta partida es no solamente excesiva sino que totalmente improcedente por los motivos que se exponen en detalles en el recurso radicado por los demandados en el Recurso número 62-134 y por la presente se une y se hace formar parte de esta Moción de Desestimación la discusión del error número Uno del Recurso número 62-134. En dicho error se alega específicamente que de la propia declaración de la demandante, o sea, de sus planillas de contribución sobre ingresos, así como de sus planillas de seguro social, aparece claramente que la demandante no tuvo pérdida de ingreso alguno, que mintió bajo juramento y que toda su declaración debe ponerse en tela de juicio por el perjurio cometido."

Hemos estudiado toda la prueba aportada por las partes y a juicio nuestro el tribunal de instancia hizo una razonable apreciación de los daños. Su estimación, tomadas en cuenta todas las circunstancias concurrentes, nos parece correcta. No se cometió el error señalado.

*La sentencia recurrida que en otra partida fue levemente modificada en el recurso R-62-134, según expusimos, se confirma.*